UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MULTISORB TECHNOLOGIES, INC.,

                  Plaintiff,

-vs-                                                  06-CV-0141-JTC

IMPAK CORPORATION and
KEVIN CULLEN,

                  Defendants.

---

      This case was brought in March 2006 by plaintiff Multisorb Technologies, Inc., against the Impak Corporation and its owner Kevin Cullen, pursuant to the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). The complaint sought injunctive relief and damages based on Impak's registration and use of the website domain name "www.multisorbtechnologies.com." Plaintiff promptly moved for a preliminary injunction, obtained entry of default by the Clerk of the Court, and moved for default judgment when defendants neither answered the complaint nor responded to the injunction motion. Defendants then moved to vacate the entry of default, claiming ineffective service of the summons and complaint (see Item 12).

      On April 24, 2006, by order of Hon. John T. Elfvin, this court granted plaintiff's motion for a preliminary injunction enjoining defendants from using the infringing website, finding that "[t]he mere existence of the Infringing Website almost conclusively proves that defendants acted in bad faith" (Item 13, p. 7). Subsequently, in an order dated August 20, 2007 (Item 18), Judge Elfvin denied defendants' motion to vacate the Clerk's entry of default, granted plaintiff's motion for default judgment, and directed plaintiff to file a motion

for a hearing on damages.  The motion was filed, and the case was then transferred to the undersigned.

The motion seeks statutory damages and an award of attorney's fees under the ACPA, which provides that a successful plaintiff may recover, "instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just . . . ," 15 U.S.C. § 1117(d), and that the court may award attorney's fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a).  Plaintiff requests the statutory maximum of $100,000, as well as over $22,000 in attorney's fees, based on the court's finding in the April 24, 2006 order that defendants acted in bad faith in adopting and using the infringing domain name.

After hearing oral argument on the motion, this court issued an order (Item 31), in which it expressed its understanding that, to be entitled to the range of statutory damages and attorney's fees sought here, the prevailing law in the Second Circuit requires plaintiff to do more than just show bad faith on the part of the infringer (*citing N.A.S. Import, Corp. v. Chenson Enterprises, Inc.*, 968 F.2d 250, 252 (2d Cir. 1992) (court's exercise of discretion in determining amount of statutory damages is guided by such factors as "the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendant's conduct, and the infringers' state of mind-whether wilful, knowing, or merely innocent."); *Mattel, Inc. v. Adventure Apparel*, 2001 WL 1035140, at *5 (S.D.N.Y. September 7, 2001) (finding bad faith intent to profit but awarding minimum statutory amount "since little if any actual harm has been done to [the plaintiff], considering the minuscule number of web hits and [a] solitary

sale . . ."); *Lurzer GMBH v. American Showcase, Inc.*, 75 F. Supp. 2d 98, 102-03 (S.D.N.Y. 1998) (declining to award attorney's fees despite jury finding of willful deception under Lanham Act, due to "the absence of material evidence that [the plaintiff] itself suffered any 'ascertainable damage' from the few, isolated acts of infringement . . . .")). Finding the information presented in the written submissions and at oral argument insufficient for proper assessment of the factors outlined in these cases, the court directed the parties to supplement the record in this regard.

In response to this order, plaintiff has submitted the affidavit of James Renda, Executive Vice President and Chief Operating Officer of Multisorb, who states upon information and belief that defendants used the infringing domain name to generate "sales leads," which were then given to Wisepac Active Packaging Components Co., Ltd., a Chinese competitor of Multisorb whose products are prominently displayed on Impak's website (Item 32, ¶¶ 6, 9). According to Mr. Renda, Wisepac has copied several of Multisorb's products, and visitors to the defendants' infringing website could purchase Wisepac products thinking they were Multisorb products (*id.* at ¶¶ 7, 10, 14), causing lost sales, diversion of business, and consumer confusion (*id.* at ¶ 15).

For its part, defendant has submitted the affidavit of Kevin Cullen, Impak's sole shareholder and general manager, named as the individual defendant in this action. Mr. Cullen denies giving leads to Wisepac, and states that Impak did not advertise, promote, or sell any Wisepac products during the limited time the infringing domain name was in use (Item 33, ¶¶ 3-10).

Upon review and consideration of the information contained in these supplemental materials, as well as the prior pleadings and submissions in this matter, the court finds no

evidence of actual lost or diverted sales, expenses saved or profits reaped by Impak, or any other ascertainable damage suffered by Multisorb as the result of defendant's maintenance of the infringing domain name.  In the absence of such a showing, or other circumstances indicating a strong need for deterrence, the court finds that an award of the minimum statutory damages under § 1117(d)–*i.e.*, $1,000.00–fully serves the ends of ACPA in this case.

Under 15 U.S.C. § 1117(a), the prevailing party in an ACPA action is entitled to an award of reasonable attorney's fees "in exceptional cases," meaning cases involving fraud, bad faith, or willful infringement.  *Silverstein v. Penguin Putnam, Inc.*, 2008 WL 678559, at *5 (S.D.N.Y. March 12, 2008) (citing *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 317 F.3d 209, 221 (2d Cir. 2003)); *see also Marshak v. Sheppard*, 666 F. Supp. 590, 604 (S.D.N.Y. 1987) ("These 'exceptional' cases are those in which the infringement was malicious, fraudulent, willful, or deliberate.").  Like an award of statutory damages, an attorney's fee award under § 1117(a) is discretionary, and the court may decline to award fees despite a finding of bad faith infringement if other mitigating circumstances are present.  *See, e.g., Simon & Schuster, Inc. v. Dove Audio*, Inc., 970 F. Supp. 279, 302 (S.D.N.Y. 1997) (declining to award attorney's fees despite a finding of willful infringement).

As the record reflects, the court's finding of "bad faith" was made in the context of a preliminary injunction ruling based entirely on the plaintiff's papers, and there is no compelling evidence before the court to suggest that defendants acted with any malice or intent to defraud.  Considered together with other mitigating factors such as lack of proof of actual harm to plaintiff's business, as well as defendants' immediate discontinuance of

the domain name's use after it became aware of this lawsuit, the court finds that this case is not in the "exceptional" category, and that an award of statutory attorney's fees is not warranted under the circumstances.

Accordingly, plaintiff's motion under 15 U.S.C. § 1117(d) is granted, awarding statutory damages in the amount of $1,000.00. Plaintiff's motion for attorney's fees under 15 U.S.C. § 1117(a) is denied.

The Clerk of the Court is directed to enter judgment in favor of plaintiff as reflected in this order, and to close the case.

So ordered.

                                                                    John T. Curtin
                                                                    JOHN T. CURTIN
                                                          United States District Judge

Dated:  8/14/08                       , 2008
p:\opinions\06-141.aug6.08